# EXHIBIT  A

# CONFIDENTIALITY AGREEMENT

THIS CONFIDENTIALITY AGREEMENT (this "Agreement") is made and entered into as of this 22nd day of July 2014, by and between Bryant Vineyards, Ltd. (d/b/a Bryant Family Vineyard) (the "Company"), and Lauren Ridenhour (the "Consultant"). This Agreement collectively refers to the Company and the Consultant as the "Parties" and separately may refer to any one of the Parties as a "Party."

1. **RELATIONSHIP.** Lauren Ridenhour serves as Consultant for Bryant Vineyards, Ltd. (d/b/a Bryant Family Vineyard).

2. **CONFIDENTIAL INFORMATION.** The Consultant recognizes and acknowledges that the Company's Confidential Information is a valuable and unique asset of the Company. For purposes of this Agreement, the term "Confidential Information" means any information not generally known in the Company's trade or industry, which the Company treats or is obligated to treat as confidential or proprietary, and to which the Consultant gains access or knowledge as a result of the Consultant's engagement with the Company, including, without limitation, all intellectual property and proprietary rights of the Company, computer codes or instructions (including source and object code listings, modules or other subparts of computer programs and related documentation, including program notation), computer processing systems and techniques, all computer inputs and outputs (regardless of the media on which stored or located), hardware and software configurations, designs, architecture and interfaces, recipes and formulae, non-public business research, studies, procedures and costs, non-public financial data, non-public distribution methods, non-public marketing data, methods, plans and efforts, the non-public terms of contracts and agreements with customers, contractors and suppliers, the needs and requirements of, and the Company's course or process of dealing with or training actual or potential customers, contractors and suppliers, personnel information, non-public customer and vendor credit information, and any information received from third parties subject to obligations of non-disclosure or non-use. The Consultant covenants and agrees that she will neither disclose any Confidential Information to any person or entity for any reason or purpose whatsoever nor make use of any Confidential Information for any purpose or reason other than for the benefit of the Company. The restrictions set forth in this Section will not apply to Confidential Information, which is in the public domain, provided that the Consultant was not responsible, directly or indirectly, for such Confidential Information entering the public domain without the Company's consent.

3. **RETURN OF COMPANY PROPERTY.** All records, designs, patents, business plans, client lists, client documents, prospective client lists, client contracts, process consulting and training methodologies, operational methods and procedures, financial statements, manuals, memoranda, lists and other property delivered to or compiled by the Consultant by or on behalf of the Company which pertain to the business of the Company will be and remain the property of the Company, and be subject at all times to its discretion and control. Likewise, all correspondence, reports, records, charts, advertising materials and

other similar data pertaining to the business, activities or future plans of the Company which is collected by the Consultant will be delivered promptly to the Company without request by it upon termination of the Consultant's engagement and she must not retain any copies of the same.

4. **REASONABLENESS OF RESTRICTIONS**. The Consultant represents and warrants that the foregoing covenants and provisions of this Agreement are reasonably necessary for the protection of the Company and that such covenants and provisions are reasonably limited with respect to the activities prohibited and the effect on the Consultant and the general public.

5. **ATTORNEYS' FEES.** In the event any action or arbitration is brought to enforce or interpret this Agreement, the prevailing party in such dispute or controversy shall be entitled to recover her/its reasonable attorneys' fees and costs incurred in connection therewith, whether such fees and costs are incurred in connection with any appeal or enforcement of a judgment or decision from any arbitration or litigation.

IN WITNESS WHEREOF, Consultant and the Company have executed this Confidentiality Agreement as of the date first above written.


COMPANY
Bryant Vineyards, Ltd.
(d/b/a Bryant Family Vineyard)


By:     Bettina Bryant


CONSULTANT


By:     Lauren Ridenhour