UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT VINEYARDS LTD,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>LAUREN RIDENHOUR,<br><br>　　　　Defendant. | Case No. 19-cv-04363-EMC<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION**<br><br>Docket No. 34 |

　　　Plaintiff Bryant Vineyards Ltd. (the "Winery") has sued Defendant Lauren Ridenhour, alleging that she breached a confidentiality agreement by disclosing certain confidential information "in a public filing of a lawsuit in the United States District Court for the Southern District of New York and then spreading the information to various third parties." Compl. ¶ 30. Ms. Ridenhour has moved to dismiss the complaint. *See* Docket No. 32 (motion). The hearing on the motion to dismiss is currently set for October 17, 2019. The Winery's opposition to the motion is due on September 20, 2019.

　　　On September 11, 2019, the Winery filed an ex parte application, asking that the briefing schedule for and hearing on the motion to dismiss be continued so that it could first take discovery. *See* Docket No. 34 (ex parte application). According to the Winery, it needed to take discovery in order to address Ms. Ridenhour's argument that the complaint should be dismissed as a SLAPP suit.

　　　Because the Winery was asking for an extension for a brief that would be due on September 20, 2019, the Court ordered Ms. Ridenhour to file a response to the ex parte application by the morning of September 16, 2019. *See* Docket No. 35 (notice). On September 12, 2019, Ms. Ridenhour filed a letter, asserting that she could not file a response by September 16, 2019,

because one of her attorneys was on vacation and the other attorney was working on a brief in the New York lawsuit.[1]  Ms. Ridenhour asked that she be given until September 27, 2019, to file a substantive response.[2]  Ms. Ridenhour, however, also included in her letter a substantive argument against the Winery's ex parte application – *i.e.*, that the Winery could oppose the motion to dismiss based on the anti-SLAPP statute on the ground that it needed discovery.

The Court denies Ms. Ridenhour's request that her response be delayed until September 27, 2019.  First, the Winery's opposition brief is due on September 20, 2019.  Second, Ms. Ridenhour's letter already includes a substantive argument.  Therefore, the Court deems Ms. Ridenhour's letter her substantive response to the Winery's ex parte application.

Having considered both the Winery's ex parte application as well as Ms. Ridenhour's letter in response, the Court hereby **DENIES** the Winery's request for relief.  The Court will not alter the briefing schedule for and hearing date on Ms. Ridenhour's motion to dismiss.  The SLAPP issue is only one of four issues raised in the motion to dismiss.[3]  Furthermore, as Ms. Ridenhour has pointed out, the Winery can argue in its opposition to the motion to dismiss that the Court should defer ruling on the SLAPP issue until after she has first obtained some discovery.

This order disposes of Docket No. 34.

**IT IS SO ORDERED**.

Dated: September 13, 2019

_____
EDWARD M. CHEN
United States District Judge

---

[1] Ms. Ridenhour did not state, in her letter, when her brief was due.  However, from what the Court can glean from the New York docket sheet, the brief is due on September 13, 2019.  Thus, as a facial matter, it does not seem impossible for Ms. Ridenhour's attorney to prepare a response in this case, as ordered by the Court, on September 16, 2013.  In any event, as discussed below, the Court deems Ms. Ridenhour's letter her response to the ex parte application.

[2] Ms. Ridenhour failed to acknowledge that (1) this would be beyond the fourteen-day period provided for by the Civil Local Rules for regularly noticed motions and (2) this would essentially render the Winery's ex parte application moot (*i.e.*, the deadline for the Winery's opposition to the motion to dismiss would already have passed).

[3] Ms. Ridenhour has also moved to dismiss for failure to state a claim for relief and based on the first-to-file rule; she has also argued for a transfer of the case to the Southern District of New York.