Menaka Fernando (Cal. Bar. No. 271380)
mfernando@outtengolden.com
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone:    415-638-8800
Facsimile:    415-638-8810

Pearl Zuchlewski (admitted *pro hac vice*[1])
pz@kzlaw.net
KRAUS & ZUCHLEWSKI LLP
60 East 42nd Street, Suite 2534
New York, NY 10165
Telephone:    212-869-4646
Facsimile:    212-869-4648

Counsel to Defendant Lauren Ridenhour

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT VINEYARDS LTD., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>LAUREN RIDENHOUR, AN INDIVIDUAL,<br><br>        Defendant. | Case No. 3:19-cv-04363-EMC<br><br>**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTION TO DISMISS** |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

ALLEGATIONS OF THE WINERY'S COMPLAINT ................................................................1

RIDENHOUR'S MOTION TO DISMISS ....................................................................................1

THE WINERY'S OPPOSITION ...................................................................................................2

RECENT PROCEDURAL BACKGROUND ...............................................................................3

ARGUMENT .................................................................................................................................4

POINT I

    THE WINERY'S COMPLAINT FAILS TO SATISFY RULE 8'S MINIMAL PLEADING REQUIREMENT OF A "SHORT AND PLAIN STATEMENT OF THE CLAIM" .........................................................................................................4

        a)   The Winery's Performance Is Barely Described .......................................4

        b)   The Breach Is Not Identified with Any Detail............................................4

        c)   The Winery Offers No Details At All on Its Damages ..............................6

POINT II

    THE PAUCITY OF FACTUAL SUPPORT FOR THE WINERY'S DEFICIENT BREACH OF CONTRACT CLAIM SUPPORTS RIDENHOUR'S MOTION TO STRIKE THE COMPLAINT AS A SLAPP SUIT ........................................................................................................................8

POINT III

    THE COURT MAY CONSIDER THE ARTICLE REFERENCED IN BUT NOT ATTACHED TO THE COMPLAINT ..................................................................11

POINT IV

    THE FIRST TO FILE RULE IS APPLICABLE HERE WHERE THE PARTIES AND THE ISSUES IN BOTH CASES ARE SIMILAR ................................12

POINT V

    IT IS IN THE COURT'S DISCRETION TO TRANSFER THIS ACTION TO THE SDNY ......................................................................................................13

CONCLUSION............................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Adoma v. Univ. of Phoenix*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) ................................ 12

*AlterG, Inc. v. Boost Treadmills LLC*, 2019 U.S. Dist. LEXIS 84671
   (N.D. Calif. 2019) ................................................................................................................ 6

*Benedict v. Hewlett-Packard Co.*, 2014 U.S. Dist. LEXIS 7323 (N.D. Cal. Jan. 21, 2014) .......... 6

*Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992 (9th Cir. 2010) ................................................ 12

*DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119 (N.D. Cal. 2010)................................... 5

*DuPont Merck Pharmaceutical Co. v. Superior Court*, 78 Cal.App.4th 562 (2000) ................... 10

*E.D.C. Techs., Inc. v. Seidel*, 216 F. Supp. 3d 1012 (N.D. Cal. 2016) ...................................... 5, 6

*Iglesia Ni Cristo v. Cayabyab*, 2019 U.S. Dist. LEXIS 38846 (N.D. Cal. Mar. 11, 2019) .... 10, 11

*Khai v. Cty. of Los Angeles*, 730 F. App'x 408 (9th Cir. 2018) ................................................... 11

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018)........................................... 12

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237 (9th Cir. 2015).......... 12

*Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006)........................................................................... 12

*Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001) .................................................. 10

*Nasseri v. Wells Fargo Bank, N.A.*, 147 F. Supp. 3d 937 (N.D. Cal. 2015).................................. 7

*Navellier v. Sletten*, 106 Cal App. 4th 763 (2003)........................................................................ 9

*Openwave Messaging, Inc. v. Open-Xchange, Inc.*, 2016 U.S. Dist. LEXIS 150713
   (N.D. Cal. Oct. 28, 2016).................................................................................................... 7

*Paul v. Friedman*, 95 Cal. App. 4th 853 (2002) ........................................................................... 9

*Qi Wang v. Valeika*, 2018 U.S. Dist. LEXIS 157405 (N.D. Cal. Sep. 14, 2018) ................... 12, 13

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003)............................................................... 12

*Zody v. Microsoft Corp.,* 2013 U.S. Dist. LEXIS 80623 (N.D. Cal. Jun. 7, 2013) .................... 5, 6

**Statutes**

28 U.S.C. §1404 ......................................................................................................................... 3, 13

28 U.S.C. §1404(a) ......................................................................................................................... 2

*Cal. Civ. Proc. Code* § 425.16(b)(1) .............................................................................................. 9

*Cal. Civ. Proc. Code* § 425.16(e) ............................................................................................... 2, 9

*Cal. Civ. Proc. Code* § 425.16(e)(1) .............................................................................................. 9

*Cal. Civ. Proc. Code* § 425.16(e)(2) .............................................................................................. 9

*Cal. Civ. Proc. Code* § 425.16(e)(3) .............................................................................................. 9

**Rules**

Fed. R. Civ. Proc. 8 ........................................................................................................................ 4

Fed. R. Civ. Proc. 11 ...................................................................................................................... 6

Fed. R. Civ. Proc. 12(b)(6) ........................................................................................................... 12

Fed. R. Civ. Proc. 42(a) ............................................................................................................... 14

Fed. R. Civ. Proc. 56 .................................................................................................................... 10

## PRELIMINARY STATEMENT

Defendant Lauren Ridenhour respectfully submits this Reply Memorandum in response to the opposition ("Opp.") of Plaintiff Bryant Vineyards Ltd.'s (the "Winery") to Ridenhour's motion (Init. Mot.") to dismiss the Winery's breach of contract complaint for failure to state a claim, to strike the complaint as a SLAPP suit, or for transfer to the action (the "New York Action") pending before United States District Court for the Southern District of New York (the "SDNY") .  The Winery's Opposition fails in all respects.

## ALLEGATIONS OF THE WINERY'S COMPLAINT

The Complaint pleads generally that the complaint in the New York Action "contains confidential information regarding the Winery . . . [and] a variety of allegations that are misleading or false . . . " (Complaint ¶25).   The Complaint does not differentiate between what is confidential, and what is false, but attaches the Second Amended Complaint for the Court's review.[1]   The Complaint also states that (a) Ridenhour filed the New York action, not under seal, "loading it with confidential Winery Information" and failed to "excise any confidential Winery information from the complaint," (b) and facilitated press coverage of the New York Action. (Complaint ¶¶6, 25, 27).  The Winery's complaint makes no connection between (a) the alleged use and (b) the supposed damages.  Further, the news article incorporated by reference into the Complaint do not support the Winery's claims.  The primary question remains unanswered – what did Ridenhour allegedly use that was confidential, and not fraudulent?  How did this use damage the Winery?  The Complaint therefore fails to give the most basic notice of the claim that is required.

## RIDENHOUR'S MOTION TO DISMISS

In her Initial Motion to Dismiss, Ridenhour offered three arguments why the Winery's Complaint should be dismissed.    Ridenhour first established that the Complaint's vague statements about the alleged breach and damages failed to state a claim (Init. Mot. at 3-4, 6-10).

---

[1] The Winery in footnote 3 on page 8 of its opposition does attempt to identify the "confidential information" contained in the New York Action complaint, but a review of the paragraphs cited show that most of that information was fraudulent or inaccurate.

-1-

Second, Ridenhour demonstrated how the California anti-SLAPP statute mandated dismissal of the Winery's Complaint (Init. Mot. at 10-11).  Third, Ridenhour shows that the first-to-file rule supports the dismissal or transfer of this action to the SDNY.  (Init. Mot. at 12-13).  Lastly, the Initial Motion argues that the matter should be transferred to the SDNY under 28 U.S.C. §1404(a)  (Init. Mot. at 14-15).   Each of these arguments supports disposal of this case.

## THE WINERY'S OPPOSITION

In its opposition, the Winery first argues that its Complaint presents sufficient facts on the purported breach and alleged damages.[2]  (Opp. at 5-11).  In fact, the authorities cited by the Winery involved complaints with much more detail about 1) how the agreement was breached and 2) how those breaches caused damages and loss to the plaintiff.  The Winery's complaint contains no such details.  All the complaint plausibly alleges is that Ridenhour filed the New York Action using confidential or misleading information.

The Winery's perfunctory breach of contract claim provides no meaningful facts to sustain a finding of plausible wrongdoing by Ridenhour.  The Winery does not identify any specific "confidential information" that Ridenhour allegedly disclosed in her lawsuit filed in the SDNY nor does the Winery identify any media source or other entity to which Ridenhour actively publicized confidential information, facts the Winery readily could articulate if it had a credible claim.[3]  In addition, the Winery has not pled damages with sufficient particularity. It is impossible for Ridenhour to respond in an informed way to a complaint so utterly devoid of facts.

Second, the Winery argues that its suit should not be dismissed under the California anti-SLAPP statute. (Opp. at 11-13).  The Winery implicitly admits for the purposes of the motion that Ridenhour's actions were covered by §425.16(e) (Opp. at 11-12).   Instead the Winery argues that it has established a probability of success (Opp. at 12-13).   However, this argument

---

[2] The Declaration of Bettina Bryant submitted with the Winery's opposition offers no further facts to support a damage claim.

[3] The article referenced by the Winery but not attached to the Complaint do not establish any fact other than the fact that new outlets saw the publicly filed complaint in the New York Action.

does not address the patent deficiencies in the Complaint, including the failure to offers any substance to the damage claim.  In fact, the improbability that the Winery will prevail on its breach of contract claim, in the context of this litigation, provides a compelling basis for finding that the Winery's complaint is a retaliatory SLAPP suit.

Third, the Winery tries to claim that the first-to-file rule does not apply because the parties and claims are not identical. (Opp. at 13-17).   Contrary to the Winery's contention, the parties in the New York Action, do not need to be identical, only similar, as they are here.  Further, the issues only need overlap and do not have to be the same.  The gravamen of the Winery's complaint is that Ridenhour breached her Confidentiality Agreement with the Winery by alleging facts in the New York Action protected by the Confidentiality Agreement - inextricably connecting the New York Action with this action.

Finally, the Winery tries to demonstrate that transfer is not appropriate under 28. U.S. Code §1404 (Opp. at 17-20).  Here, the interest of justice would be to transfer this case to the SDNY where Mrs. Bryant already is a party to a related action and there is no competent evidence of inconvenience to witnesses.  Transfer would avoid the possibility of inconsistent rulings about the application of the Confidentiality Agreement, promote judiciary efficiency and conserve judicial resources.

## RECENT PROCEDURAL BACKGROUND

On September 4, 2019, Ridenhour filed her Initial Motion to dismiss the Winery's complaint.   Prior to filing any opposition to Ridenhour's motion, on September 11, the Winery filed an *ex parte* application seeking (a) discovery, purportedly to oppose Ridenhour's motion to strike the suit under the anti-SLAPP statute (b) to revise the briefing schedule to give the Winery months to respond..  On September 12, Ridenhour submitted a letter to Court, requesting that the Clerk's order directing her to respond to the *ex parte* application by September 11, be extended to September 27.   On September 13 the Court, deeming Ridenhour's letter a substantive opposition to the Winery's application, denied the application, reaffirming the briefing schedule and October 17 hearing date.  The Winery filed its opposition to Ridenhour's motion on

September 20.  The Winery's opposition does not include the request for discovery which the Winery previously argued it needed to oppose the Motion.

## ARGUMENT

## POINT I

## THE WINERY'S COMPLAINT FAILS TO SATISFY RULE 8's MINIMAL PLEADING REQUIREMENT OF A "SHORT AND PLAIN STATEMENT OF THE CLAIM"

In her Initial Motion, Ridenhour demonstrated that the complaint is deficient because its complaint, replete with speculation, generalizations and gratuitous assertions, and cannot reasonably be construed to meet Fed. R. Civ. Proc. 8's minimal pleading requirements.  The Winery's Complaint satisfies only the first of four elements of a breach of contract claim – pleading the existence of a contract.  The Winery fails to adequately plead the remaining three elements – performance by the Winery, what confidential information she misused, and what actual damages the Winery suffered.

a) <u>The Winery's Performance Is Barely Described</u>

The Winery purports to address the second factor in a contract claim - performance – by alleging that Mrs. Bryant compensated Ridenhour for her work (¶4) and that "Plaintiff has fully performed all of its obligations except for those terms and conditions that have been excused, prevented, waived and/or released." (¶31).  The Winery fails to identify which and on what basis the terms and conditions have been excused, prevented, waived and/or released.

b) <u>The Breach Is Not Identified with Any Detail</u>

The Winery addresses the third element of a breach of contract action in similarly cursory fashion.  It asserts that Ridenhour's lawsuit in the New York action "contains confidential information regarding the Winery" and "a variety of allegations regarding the Winery and its executives and directors that are misleading or false…." (Complaint¶25)  The Winery fails to cite *any* specific factual allegation in Ridenhour's complaint that constitutes a breach of the

-4-

1  Confidentiality Agreement or any other specific factual allegation that is misleading or false,
2  leaving Ridenhour unable to ascertain what the Winery views as confidential information and
3  unable to formulate a focused answer or meaningful defense.
4        The Winery cites to *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1144-45
5  (N.D. Cal. 2010); *E.D.C. Techs., Inc. v. Seidel*, 216 F. Supp. 3d 1012, 1013 (N.D. Cal. 2016) and
6  *Zody v. Microsoft Corp.,* 2013 U.S. Dist. LEXIS 80623 (June 7, 2013), for the proposition that
7  the Winery's conclusory allegations that breach of the Confidentiality Agreement resulting in
8  damages is sufficient.  (Opp. at 6-7).  However, a closer examination of those decisions shows
9  that in each case the complaint in the ca$^i$alleged much more than the Winery's bare allegations
10  against Ridenhour.
11        For example, in *DocMagic* the complaint contained numerous allegations identifying the
12  confidential information, how it was used and how this misuse caused damage to DocMagic.
13  The court, referring to the detailed paragraphs of the complaint, found that DocMagic adequately
14  pled each element of a breach of contract claim and adequately alleged how the confidential
15  information was misused.  *DocMagic,* 745 F. Supp. 2d at 144-45 (citing ¶¶ 39-42, 45, 47-49, 58,
16  74-80, 205-26; and ¶¶ 58, 76, 86, 92, 211, 222 of DocMagic's complaint).  The complaint in
17  *DocMagic* alleged that defendant Ellie Mae used DocMagic's proprietary customer information
18  to contact DocMagic's customers and that Ellie Mae used DocMagic's proprietary software
19  information to create her own competing product, Ellie Mae Docs.  *Id.* at 145.  The Winery's
20  complaint by contrast contains exactly two vague allegations that provide no similar degree of
21  detail.
22        Likewise, in *E.D.C. Technologies, Inc.,* the complaint contained detailed factual
23  allegations that the Winery's Complaint lacks.  The plaintiff ("EDC"), a creator of an internet-
24  based remote monitoring hot water management system, alleged that, while still employed with
25  the company, defendants Seidel and Pavlos developed a competing hot water management
26  service using EDC's technology and resources.  Defendants allegedly assembled and organized
27  stolen hardware and software specifications, which they submitted to an Internet of Things
28

-5-

DEFENDANT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HER MOTION TO
DISMISS

Case No. 3:19-cv-04363-EMC

development company for assistance in building competing products.  Defendants allegedly met with EDC customers and used EDC products to demonstrate service features the defendant were developing in competition with EDC.  *E.D.C. Techs., Inc. v. Seidel*, 216 F. Supp. 3d 1012, 1013 (N.D. Cal. 2016).  Again, the complaint in *EDC* described what the confidential information was, how it was used, and how this use actually damaged E.D.C.'s business.  The Winery's complaint does not provide similar facts.  *See also Zody v. Microsoft Corp.*, 2013 U.S. Dist. LEXIS 80623 (counterclaims provided sufficient detail to survive motion to dismiss).

    The Complaint here is much more like the complaint in *AlterG, Inc. v. Boost Treadmills*, and the other decisions, cited by Ridenhour in her Initial Motion.[4]  (Init. Mot at 7-9).  The Winery fails to successfully distinguish the authorities cited by Ridenhour.  (Opp. at 10, ftnt 5).

c)      <u>The Winery Offers No Details At All on Its Damages</u>

    Having given no detail as to how the New York Action caused losses to the Winery, the Winery alleges "lost profits and harm to reputation and good will" which it does not quantify, identify or describe.  In its opposition, the Winery argues that its vague reference to "lost profits" gives sufficient notice of the damages it allegedly has incurred.  However, the cases cited by the Winery - *Benedict, OpenWave* and *Nasseri* - do not support their argument (Opp. at 8-9).  Each of these decisions is inapposite and does not establish that the Complaint's vague reference to damages is sufficient.

    For example, decisions on sanctions motions under Rule 11 are not informative.  In *Benedict v. Hewlett-Packard Co.*, 2014 U.S. Dist. LEXIS 7323, at *2-3, *13-16, *17-42 (N.D. Cal. Jan. 21, 2014) (Opp. at 8-9), the court adjudicated a motion for sanctions pursuant to Fed. R. Civ. Proc. 11.  The decision provides no guidance on a Rule 12(b)(6) motion.  Id. at *13-14. ("Rule 11 sanctions are appropriate "when a filing is frivolous, legally unreasonable, or without

---

[4] AlterG, Inc. v. Boost Treadmills LLC, 2019 U.S. Dist. LEXIS 84671, 2019 WL 2191342 (N.D. Calif. 2019) ("It does not allege with sufficient particularity what the "proprietary and confidential information" is.  The complaint merely lists broad categories of information covered by the agreements. … [T]hese broad categories are insufficient to put Defendants on notice of the scope of the trade secrets that are the subject of AlterG's DTSA claim.  AlterG's breach of contract claim is also predicated on Defendants' alleged disclosure of trade secrets, and AlterG must allege with more specificity the types of information protected by its confidentiality agreements.")

factual foundation, or is brought for an improper purpose."). The court denied sanctions, finding the claims were not "factually baseless" or "legally baseless", meeting the very low standards under Rule 11. This has no relevance to Ridenhour's motion to dismiss.

The Winery cites other decisions that do not support its argument. (Opp. at 9-10). *Openwave Messaging, Inc. v. Open-Xchange, Inc.*, 2016 U.S. Dist. LEXIS 150713, at *29 (N.D. Cal. Oct. 28, 2016), is also readily distinguished, as there the counterclaim articulated exactly what the plaintiff did that caused damages to defendant Open-Xchange ("OX"). The counterclaim alleged that Openwave breached a licensing agreement (the "OEM Agreement") in three ways: (i) selling App Suite and OX Drive to a customer without a license from OX, (ii) continuing to market and use "App Suite" on its website after termination of the OEM Agreement and (iii) continuing to use OX's name and logo on its website after termination of the OEM Agreement. These facts provided support for the damages claimed by OX. *Id.* (*citing* ¶¶123-125, 129-130 of the counterclaim), and the Court found the counterclaim furnished enough detail regarding the breach of the license agreement to demonstrate the damages OX had suffered.

Similarly, in *Nasseri v. Wells Fargo Bank, N.A.*, 147 F. Supp. 3d 937, 942 (N.D. Cal. 2015), the complaint's factual allegations gave meaning to the damages alleged. There, plaintiff Nasseri entered into a forbearance agreement with defendant Wells Fargo under which their reduced payments were automatically deducted from their bank account. After six months of accepting this form of payment, Wells Fargo suddenly refused to withdraw the payment and canceled the forbearance agreement for failure to pay. In *Nasseri*, the complaint alleges damages that naturally flow from the breaches identified, "increased late fees and arrears, attorneys' fees, overcharge fees, [and] destruction of credit". Thus, Nasseri adequately pled a claim for breach of contract based on Wells Fargo's failing to withdraw the July payment, refusing Nasseri's offer to make the payment via another method, and canceling the forbearance plan. This is much more information than imparted by the Winery's Complaint.

# POINT II

## THE PAUCITY OF FACTUAL SUPPORT FOR THE
## WINERY'S DEFICIENT BREACH OF CONTRACT CLAIM
## SUPPORTS RIDENHOUR'S MOTION
## TO STRIKE THE COMPLAINT AS A SLAPP SUIT

Contrary to the Winery's wishful assertion that there is a probability of success on the "merits" of its breach of contract claim, for the reasons discussed, *supra*, there is little likelihood that it will prevail on its claim against Ridenhour. Moreover, although Ridenhour's motion to strike is "solely based on the legal sufficiency of the Winery's complaint", Ridenhour's motion should be considered in the entire context of this litigation. A cursory review of the chronology strongly suggests that it was not brought in a good faith effort to resolve a credible contract claim, that the Winery could have accomplished efficiently by appearing and asserting a counter-claim in the New York Action. This is merely an example of a powerful company with powerful owners trying to conceal wrongdoing with legal action.

Instead of appearing and asserting a counterclaim in the New York Action, the Winery commenced a separate action 2600 miles away. Weeks later, it filed a facially untimely application for injunctive relief seeking to curtail Ridenhour's alleged disclosure of confidential information included in the New York Action filed months earlier.[5] After Ridenhour filed her motion to dismiss, once again, utilizing one of the more disruptive devices available to litigants, the Winery for the second time in six weeks filed yet another application for *ex parte* relief which the Court summarily denied. The Winery has apparently abandoned this effort, arguing in a footnote that it may be entitled to discovery. (Opp. at 12, ftnt 10)

In its opposition, the Winery essentially concedes the obvious fact that the filing of the New York Action and alleged disclosure of the New York Action to reporters is conduct that is

---

[5] To date, the Winery's counsel in the New York action has not requested that Ridenhour enter into a confidentiality agreement or sought to seal any documents in the New York Action. Zuchlewski Decl. ¶11. Thus, all of the supposedly Confidential Information remains publicly available on the SDNY Website.

protected by Section 425.16(e).[6] (Opp. At 11-12). Thus, for the purposes of this motion, Ridenhour has made the required *prima facie* showing that the Winery's cause of action arises from one of the four types of conduct set forth in Section 425.16(e).

Therefore, Ridenhour's motion to strike should be granted "unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).); *see Paul v. Friedman*, 95 Cal. App. 4th 853, 862-63, 117 Cal. Rptr. 2d 82, 89-90 (2002). The Winery attempts to demonstrate that it can establish this probability, arguing primarily that the use of confidential information in a lawsuit supports its breach of contract claim. (Opp. at 12-13), citing *Paul*, 95 Cal. App. 4th at 869, and *Navellier v. Sletten*, 106 Cal App. 4th 763, 131 Cal. Rptr. 2d 201 (2003). However, those authorities do not support the Winery's argument that it will probably prevail on its claim; *Nevallier* actually supports Ridenhour's argument that the Winery's complaint should be dismissed for failure to specify damages.

In *Nevallier,* the Appellate Court found that the claim fell to the anti-SLAPP motion because plaintiff failed to establish any evidence of damages, even though the motion was based on legal insufficiency. *See Navellier*, 106 Cal. App. 4th at 775-76, 131 Cal. Rptr. 2d at 210-11. "Here, plaintiffs have presented nothing as to their damages on the breach of contract cause of action beyond the bare allegations of their unverified complaint—an insufficient showing to survive the motion to strike that cause of action." *Id.* The court explained its reasoning:

> A fundamental problem with these various claims is that there is no evidence in the record of any damages from the breach of contract. Damages are, of course, a necessary element of the breach of contract cause of action (BAJI No. 10.85), and proof of that element is wholly lacking. *Plaintiffs have taken the position that there was "no requirement for [them] to come forward with evidence of damages" because defendant "moved to strike solely on issues of law and did not contest or*

---

[6] Sections 425.16(e)(1) and (2) covers lawsuits ("judicial proceedings" and statements before a "judicial body"); Section 425(e)(3) covers statements made in a "public forum in connection with an issue of public interest".

> *allege that there was no evidence of damages." But where, as here, the motion to strike meets the "arising from" prong of the anti-SLAPP test, the plaintiff must satisfy the second prong of the test and "establish evidentiary support for [its] claim."* (citations omitted). *That defendant raised legal issues in his motion did not relieve plaintiffs of their burden of presenting a sufficient "showing of facts to sustain a favorable judgment"* (citation omitted), and after plaintiffs' opposition was filed defendant could properly point to the failure to meet that burden, regardless of any other theories he may have advanced in his original moving papers.

*Id*. (Emphasis added.) See also *DuPont Merck Pharmaceutical Co. v. Superior Court*, 78 Cal.App.4th 562, 568, 92 Cal. Rptr. 2d 755 (2000) ("It would defeat the obvious purposes of the anti-SLAPP statute if mere allegations in an unverified complaint would be sufficient to avoid an order to strike the complaint. Substantiation requires something more than that. Once the court determines the first prong of the statute has been met, a plaintiff must provide the court with sufficient evidence to permit the court to determine whether 'there is a probability that the plaintiff will prevail on the claim.' ").

In this case, <u>the Winery, and not Ridenhour, is in possession of any evidence it needs to describe its damages</u>, and contrary to the Winery's suggestion, it is not entitled to discovery. (Opp. at 12, ftnt 10). Federal Rule of Civil Procedure 56 requires that the court allow discovery "where the nonmoving party has not had the opportunity to discover information that is *essential to its opposition*." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (quotation omitted) (emphasis added). See *Iglesia Ni Cristo v. Cayabyab*, 2019 U.S. Dist. LEXIS 38846, at *3 (N.D. Cal. Mar. 11, 2019) (essential standard applies - party opposing anti-SLAPP motion failed to identify specific information it needed or why). Indeed, following *Planned Parenthood*, the Ninth Circuit affirmed the denial of a request to conduct discovery prior to granting an anti-SLAPP motion where the plaintiff failed to "provide an affidavit or declaration outlining why he needed additional discovery" or offer "any facts that he hopes to discover that could defeat" an

argument in the defendants' motion. *Khai v. Cty. of Los Angeles*, 730 F. App'x 408, 410-11 (9th Cir. 2018).  Accordingly, a Court must only provide a plaintiff an opportunity to seek discovery regarding "essential" information for her opposition of an anti-SLAPP motion challenging the factual sufficiency of her claim(s). *Iglesia Ni Cristo*, 2019 U.S. Dist. LEXIS 38846, at *4-5. The Winery alone is in possession of evidence of it damages, and it should be able to describe them.

In accordance with *Nevallier* and *DuPont,* the Winery's claim should be dismissed for its failure to properly support its opposition to Ridenhour's anti-SLAPP motion with evidence of damages as well as for failing to state a claim.

## POINT III

## THE COURT MAY CONSIDER THE ARTICLE

## REFERENCED IN BUT NOT ATTACHED TO THE COMPLAINT

The Winery also suggests in its opposition that the Court should only consider the Complaint, and apparently not the news article the Complaint references at paragraph 27 to support the Winery's claim.[7]  (Opp. at 12, ftnt 10).  However, the Winery's Complaint explicitly relies upon its publication for its claim:

> On information and belief, Ridenhour or those acting on her behalf contacted various press outlets, including winery industry publications, in an effort to spread the defamatory statements about the Winery. Indeed, in one such publication, Ridenhour is quoted as standing by the allegations in the lawsuit, saying: "I think the facts as expressed in my legal documents make a compelling case."

(Compl. ¶27).   Although generally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint, a court may consider evidence on which the "complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6)

---

[7] The news article referenced in the Winery's Complaint are attached to the Zuchlewski Declaration submitted with the Initial Motion as Exhibit C.

motion." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010), *quoting Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may "treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id.* (citation omitted).

Moreover, the incorporation by reference doctrine permits the consideration of the complete news article referenced in a complaint. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002, 1004-1005 (9th Cir. 2018) (several articles mentioned or partially quoted were properly to be considered on motion to dismiss.); *Daniels Hall*, 629 F.3d at 998-99 (considering the complete prospectus where referenced in complaint). In accordance with *Khoja, Daniels Hall*, and numerous other authorities, the Court may consider the news article referenced in the Complaint and submitted in full in the Zuchlewski Declaration. *See also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the . . . the document forms the basis of the plaintiff's claim.").

## POINT IV

### THE FIRST TO FILE RULE IS APPLICABLE HERE WHERE THE PARTIES AND THE ISSUES IN BOTH CASES ARE SIMILAR

Ridenhour established in her Initial Motion that this action is subject to the first-to-file rule, and therefore should be dismissed or transferred to the SDNY where the New York Action is pending. (Init. Mot. at 12-15). The Winery argues that the rule does not apply because the parties and causes of action are not identical. (Opp. at 13-17). This is not a valid objection, because the first-to-file rule "does not require strict identity of the parties, but rather substantial similarity." *Qi Wang v. Valeika*, 2018 U.S. Dist. LEXIS 157405, at *12-14 (N.D. Cal. Sep. 14, 2018) (Chen, D.J.), *quoting Adoma v. Univ. of Phoenix*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) (citation omitted). Further, the issues in both cases "need not be identical, only substantially similar" for the first-to-file rule to apply. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). Thus, the court "look[s] at whether there

is 'substantial overlap' between the two suits." *Id.* at 1241; *Qi Wang,* 2018 U.S. Dist. LEXIS 157405, at *16-19.

Mrs. Bryant, an individual defendant in the New York Action, is not only the Winery's President and owner, she manages the Winery's business on a day-to-day basis and she is the Winery' officer responsible for managing this litigation (Complaint ¶¶1, 3, 4).  She is the individual who signed the Confidentiality Agreement at issue and who terminated Ridenhour's employment.  The complaint identifies only one other person, Mr. Bryant, the Winery's founder and Mrs. Bryant's co-defendant in the New York action, with any connection to the Winery.  The Winery and the Bryants clearly are not only similar but inextricably intertwined.

The Winery's complaint relates solely to Ridenhour's purported breach of her Confidentiality Agreement with the Winery - Ridenhour's "lawsuit contains confidential information regarding the Winery [and] a variety of allegations regarding the Winery that are misleading or false." " (¶25) and that Ridenhour "facilitated press coverage … to publicize the Winery in the lawsuit" (¶27).  Thus, not only was Ridenhour first-to-file the New York action against the Bryants, the Bryants are the Winery's agents and representatives, similar parties.  Finally, this action is predicated upon the New York action, raising the possibility of inconsistent decisions concerning the Confidentiality Agreement.

## POINT V

### IT IS IN THE COURT'S DISCRETION
### TO TRANSFER THIS ACTION TO THE SDNY

If the Court were to decline to dismiss the Winery's breach of contract claim against Ridenhour for failing to state a claim or to decline to strike it as a SLAPP suit, the Court may reasonably exercise its discretion to transfer this action to the SDNY pursuant to 28 U.S.C. §1404.  Weighing the factors that courts have identified when considering transferring a case,[8] the balance favors Ridenhour.  The facts that may be gleaned from the complaint and the context

---

[8] Ridenhour agrees with the Winery that both the SDNY and the Northern District of California are familiar with applicable law and that the congestion in both courts are similar.

-13-

of this litigation provide ample basis for the conclusion that Ridenhour has met her burden.

The Winery's preference for the Northern District of California rather than the SDNY may be discounted because Mrs. Bryant, who is responsible for litigation in this matter, is also a defendant in the New York action. Thus, she already has an obligation to participate in a New York action, despite any commitments she may have to the Winery.

The purported inconvenience to the Winery's potential witnesses – James Rose and Anthony McCluna - may be disregarded. They did not submit declarations or affidavits, and Mrs. Bryant's self-serving declaration does not constitute probative evidence.

Access to evidence is also not an impediment to transfer. While the servers containing information relevant to this case may be located in the Napa Valley (Bryant Dec. ¶6), the most technologically inept person is aware that computer files are easily transferred from the Napa to New York with a few key-strokes. Lastly, as discussed at length, *supra*, the Winery's breach of contract claim is predicated upon the purportedly impermissible allegations in Ridenhour's New York action, i.e., "common questions of … fact". Fed. R. Civ. Proc. 42(a). For those reasons, transfer would be appropriate.

## CONCLUSION

For the reasons set forth above, Defendant Lauren Ridenhour respectfully requests that the Court dismiss the complaint, or in the alternative, transfer the matter to the United States District Court for the Southern District of New York, and grant an order for the payment by Plaintiff of Ridenhour's fees and costs.

Dated September 27, 2019

By: /s/ *Menaka Fernando*

**OUTTEN & GOLDEN LLP**

Menaka Fernando (Cal. Bar. No. 271380)
mfernando@outtengolden.com
One California Street, 12th Floor
San Francisco, CA
Telephone:     415-638-8800
Facsimile:     415-638-8810

**KRAUS & ZUCHLEWSKI LLP**

Pearl Zuchlewski (admitted *pro hac vice*)
pz@kzlaw.net
60 East 42nd Street, Suite 2534
Telephone:  212-869-4646
Facsimile:  212-869-4648

*Attorneys for Defendant Lauren Ridenhour*