1  BROWNE GEORGE ROSS LLP
   Keith J. Wesley (State Bar No. 229276)
2    kwesley@bgrfirm.com
   Lori Sambol Brody (State Bar No. 150545)
3    lbrody@bgrfirm.com
   Matthew L. Venezia (State Bar No. 313812)
4    mvenezia@bgrfirm.com
   2121 Avenue of the Stars, Suite 2800
5  Los Angeles, California 90067
   Telephone: (310) 274-7100
6  Facsimile: (310) 275-5697

7  Attorneys for Plaintiff Bryant Vineyards Ltd.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| BRYANT VINEYARDS LTD., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LAUREN RIDENHOUR, an individual,<br><br>Defendant. | Case No. 3:19-cv-04363-EMC<br><br>The Hon. Edward M. Chen<br><br>**PLAINTIFF BRYANT VINEYARDS LTD.'S EVIDENTIARY OBJECTIONS TO AND MOTION TO STRIKE OCTOBER 15, 2019 LETTER OF DEFENDANT'S COUNSEL (DKT. 40)**<br><br>Date:   October 17, 2019<br>Time:   1:30 p.m.<br>Crtrm.:  5 -- 17th Floor<br><br>Trial Date: None Set |

1    Plaintiff Bryant Vineyards Ltd. (the "Winery"), respectfully submits these evidentiary objections to and motion to strike the October 15, 2019 letter (the "Letter"), filed by counsel for defendant Lauren Ridenhour ("Defendant").  Dkt. 40.

First, the Letter is prohibited by the Local Rules.  Local Rule 7-3(d) states, "Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," subject to two exceptions not applicable here.  The Letter was filed after Defendant filed her reply and Defendant did not obtain court approval; the Letter should thus be stricken.

Second, the Letter purports to inform this Court of additional evidence that allegedly supports Defendant's argument that this action is a SLAPP suit.  Defendant, however, previously confirmed that her SLAPP challenge was solely based on the legal sufficiency of the complaint as opposed to a factual challenge with evidentiary support.  Dkt. 32, 36.  Either her motion to strike under the anti-SLAPP statutes is based on evidence – and *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), mandates that the Winery may obtain discovery before the motion is decided – or the motion to strike is based solely on the pleadings – and the newly-submitted "evidence" is wholly improper and solely intended to inject prejudicial material into the court file.  In other words, should the evidence not be stricken, the Winery should be entitled to the discovery previously requested in its Ex Parte Application.  *See* Dkt. 34.

Finally, the focus of the Letter – i.e., statements made by and the cease-and-desist letter to a third party – has zero relevance to Defendant's motion.  For that reason as well, the Letter should be stricken.

Respectfully Submitted:

DATED:  October 16, 2019

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Lori Sambol Brody
Matthew L. Venezia


By: _____s/ Keith J. Wesley_____

Attorneys for Plaintiff Bryant Vineyards Ltd.